IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN JAMES KOHUTE | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-22 |
| KAITLYN BRAQUET | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kevin James Kohute, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Kaitlyn Braquet. The defendant is employed at the Beaumont Transitional Center halfway house where Plaintiff was residing.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

While he was residing at the Beaumont Transitional Center, Plaintiff alleges he discovered his credit card had a credit of $18,541.50 that had been deposited to the account from the Social Security Administration. Plaintiff alleges he was unsure why he had the credit because his Social Security benefits should have been suspended while he was in jail, so he gave the card to Miss Butler. Next, Plaintiff alleges he was given a "lethal and dangerous MHMR injection from Spindletop" by an unidentified individual. Finally, Plaintiff contends that Defendant verbally abused and harassed him.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis

in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Personal Involvement*

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege facts demonstrating that Defendant was personally involved in anything to do with Plaintiff's Social Security benefits, confiscating his credit

card, or giving him an injection. Thus, those claims are frivolous and fail to state a claim. Plaintiff alleges Defendant was personally involved in making harassing or threatening comments to Plaintiff. Verbal threats and abuse do not amount to a constitutional violation. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *see also Walter v. Perkins*, No. 20-30547, 2021 WL 5458110 at *1 (Nov. 22, 2021) (unpublished) (holding that allegations of threats and "promises of violence" are insufficient to state a claim of retaliation or a violation of the Eighth Amendment). Therefore, this claim is also frivolous and fails to state a claim upon which relief may be granted.

## Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge